UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE CROSBY,<br>Plaintiff,<br>v.<br>SALVADOR SIORDIA, et al.,<br>Defendants. | Case No. 24-cv-07714-HSG<br><br>**ORDER OF PARTIAL SERVICE** |

Plaintiff, an inmate at California State Prison – Solano, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against correctional officials at Correctional Training Facility ("CTF") Central, where he was previously housed. Now before the Court for review pursuant to 28 U.S.C. § 1915A is Plaintiff's complaint. Dkt. No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants the following Correctional Training Facility correctional officials: Salvador Siordia, Pedro Martinez, and J. Nunez. Dkt. No. 1 at 2. According to the complaint and the attached exhibits, the following events occurred in late 2022.

On October 24, 2022, defendants Nunez and Siordia searched Plaintiff's cell. They took everything out, and tossed Plaintiff's property around the cell. Defendant Siordia damaged Plaintiff's TV by dropping it; and took Plaintiff's fan, Boostaro, Hamilton Beach grill, typewriter, Hitecker tablet, and SD cord. When Plaintiff asked about the taking of his property and the damage done to his TV, defendant Siordia said, "You messed with the bull, you get the horns." At the end of the search, Plaintiff was issued two separate rules violations reports ("RVRs") – one for possession of alcohol and one for possession of a wireless device. There was no alcohol found, so the RVR for possession of alcohol violated prison regulations prohibiting the falsification of documents, CDCR Dep't Op. Manual §§ 33030.31, 33030.33; constituted harassment based on race, in violation of Cal. Gov't Code § 19572; and violated Cal. Gov't. Code § 145572(f)(t), which prohibits making intentionally misleading statements in an official report. Plaintiff believes that defendant Siordia wrote up these RVRs on behalf of defendant Nunez because Nunez is "not that bright." Plaintiff was found guilty of these RVRs, and assessed 120 days forfeiture of credit for alcohol possession, and 30 days forfeiture of credit for possession of a wireless device.

On November 17, 2022, Plaintiff spoke to defendant Siordia about his racism and his treatment of the Black inmates in G-Wing. Plaintiff informed defendant Siordia that if he didn't stop, Plaintiff would file a grievance against him. Defendant Siordia responded, "Oh, you like writing up officers. I'll show you how we do it." Within 72 hours, the harassment started. Defendant Siordia recruited defendants Martinez and Nunez "to help accomplish the mission of alleviating themselves of inmates who [file grievances]" by having defendant Nunez assist with the October 24, 2022 cell search, and having defendant Martinez attempt to move Plaintiff on November 30, 2022.

On November 24, 2022, defendant Siordia again searched Plaintiff's cell. Defendant Siordia did not allow Plaintiff to witness the search. Afterwards, Plaintiff discovered that his tennis shoes were missing and that there was no inventory slip documenting the loss. Plaintiff submitted a request for interview form, asking defendant Siordia to confirm that he had searched Plaintiff's cell, asking where Plaintiff's shoes were, and asking if defendant Siordia was aware that he had damaged Plaintiff's TV. Defendant Siordia did not respond.

On November 30, 2022, as part of Defendants' efforts to remove black inmates from G Wing to accommodate a Security Threat Group, defendant Martinez asked Plaintiff if he wanted to move cells. Plaintiff refused. Defendant Martinez returned ten minutes later with defendant Siordia, who ordered Plaintiff to move cells. Defendants only ordered Black inmates to move. When Plaintiff again refused, defendant Martinez issued him an RVR for refusing a cell move and disobeying a peace officer. Plaintiff believes that defendant Siordia wrote up this RVR on behalf of defendant Martinez because Martinez is "not that bright." Plaintiff was found guilty of this RVR and assessed 61 days forfeiture of credit.

The above RVRs were engineered by defendant Siordia to punish Plaintiff for threatening to file grievances and to deter other prisoners from filing grievances. As a result of the three RVRs, prison officials deemed Plaintiff a program failure, and Plaintiff was forced to postpone his parole board hearing by three years.

The complaint alleges that Defendants violated the First and Eighth Amendments by "deliberately retaliat[ing] against a prisoner for taking part in a protected conduct" and "by

3

deliberately failing to protect." Dkt. No. 1 at 4, 5.

The complaint requests the following relief: repair of Plaintiff's television and return of his shoes, or replacement of both items with items of equal or greater values; an order enjoining Defendants from engaging in the unlawful conduct described in the complaint; injunctive and declaratory relief as appropriate; $100,000 each in compensatory, exemplary, mental anguish, nominal, and punitive damages from each defendant; economic and noneconomic damages; medical and related expenses; lost earnings, past and future; costs of suit; interest; and attorney's fees and costs.

### C. Order of Partial Service

Liberally construed, the complaint's allegation that defendant Siordia stole Plaintiff's tennis shoes in response to Plaintiff threatening to file grievances regarding defendant Siordia states a cognizable First Amendment retaliation claim against defendant Siordia. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted).

However, the complaint fails to state First Amendment retaliation claims against defendants Nunez or Martinez.

Defendant Nunez's actions were not "because of" Plaintiff's protected conduct. The only factual allegations against defendant Nunez are that defendant Nunez participated in defendant Siordia's search of Plaintiff's cell and issued Plaintiff two RVRs in relation to this cell search. However, this cell search took place on October 24, 2022, which was prior to the alleged protected conduct – Plaintiff's November 17, 2022 statement that he would file grievances regarding defendant Siordia.

The allegation that defendant Martinez's actions were "because of" Plaintiff's protected conduct are conclusory. The only links between Plaintiff's November 17, 2022 protected conduct and defendant Martinez's November 30, 2022 actions are Plaintiff's conclusory allegation that

4

defendant Siordia "used" defendant Martinez to fulfill his objective of ridding himself of inmates who file grievances and the fact that defendant Siordia was summoned by defendant Martinez after Plaintiff's initial refusal to move cells. Nothing in the record indicates that defendant Martinez was aware of Plaintiff's protected conduct, especially as Plaintiff states that defendant Martinez was not bright enough to realize that defendant Siordia was manipulating and using him.

The complaint also fails to state an Eighth Amendment claim for deliberate indifference to inmate safety because Plaintiff has not alleged any risk to his safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners).

The Court therefore DISMISSES defendants Nunez and Martinez from this action because Plaintiff has not stated cognizable claims against them. The Court also DISMISSES the Eighth Amendment claim. Because it appears that Plaintiff could correct the above deficiencies, the Court GRANTS Plaintiff leave to file an amended complaint to address these deficiencies if Plaintiff so wishes. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (internal citation and quotation marks omitted).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The following defendant(s) shall be served: Correctional Training Facility officer Salvador Siordia.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall

1   provide the court a completed CDCR Report of E-Service Waiver advising the court which
2   defendant(s) listed in this order will be waiving service of process without the need for service by
3   the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or
4   could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service
5   Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court
6   a waiver of service of process for the defendant(s) who are waiving service.
7         Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
8   defendant who has not waived service according to the CDCR Report of E-Service Waiver a
9   USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
10  of this order, the summons, and the operative complaint for service upon each defendant who has
11  not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
12  Service Waiver.
13      3.    The Court DISMISSES defendants Nunez and Martinez from this action; and
14  DISMISSES the Eighth Amendment claim.
15      4.    The Court GRANTS Plaintiff leave to file an amended complaint addressing the
16  deficiencies identified in the complaint.  If Plaintiff wishes to file an amended complaint, he shall
17  file an amended complaint within twenty-eight (28) days of the date of this order.  The amended
18  complaint must include the caption and civil case number used in this order, Case No. C 24-07714
19  HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court's form
20  complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.
21  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa*
22  *Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his amended
23  complaint all the claims he wishes to present and all of the defendants he wishes to sue, including
24  the defendant(s) served above and the claim(s) found cognizable below.  Plaintiff may not
25  incorporate material from the prior complaints by reference.  Failure to file an amended complaint
26  in accordance with this order in the time provided will result in Dkt. No. 1 remaining the operative
27  complaint and this action proceeding solely against the defendant(s) ordered served above and on
28  the claim(s) found cognizable below.  The Clerk shall include two copies of the court's complaint

United States District Court
Northern District of California

6

1   form with a copy of this order to Plaintiff.

2       5.    As detailed above, the complaint states a cognizable First Amendment retaliation
3   claim against Correctional Training Facility officer S. Siordia.

4       6.    In order to expedite the resolution of this case, the Court orders as follows:

5       a.    No later than 91 days from the date this order is filed, Defendant must file
6   and serve a motion for summary judgment or other dispositive motion. If Defendant is of the
7   opinion that this case cannot be resolved by summary judgment, Defendant must so inform the
8   Court prior to the date the motion is due. A motion for summary judgment also must be
9   accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what
10  is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
11  2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be
12  served concurrently with motion for summary judgment).[1]

13      b.    Plaintiff's opposition to the summary judgment or other dispositive motion
14  must be filed with the Court and served upon Defendant no later than 28 days from the date the
15  motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment
16  provided later in this order as he prepares his opposition to any motion for summary judgment.
17  Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The
18  motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on
19  the motion.

20      7.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the
21  Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must
22  do in order to oppose a motion for summary judgment. Generally, summary judgment must be
23  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
24  any fact that would affect the result of your case, the party who asked for summary judgment is

---

[1] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

7

entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

8. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

10. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the

Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: March 14, 2025

HAYWOOD S. GILLIAM, JR.
United States District Judge