UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LEE CROSBY,

          Plaintiff,

   v.

SALVADOR SIORDIA, et al.,

          Defendants.

Case No. 24-cv-07714-HSG

**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND; REQUIRING RESPONSE FROM PLAINTIFF**

Re: Dkt. No. 16

Plaintiff, an inmate at California State Prison – Solano, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against Correctional Training Facility ("CTF") correctional officer Salvador Siordia. For the reasons set forth below, the Court DISMISSES the first amended complaint with leave to amend.

**DISCUSSION**

**I.      Procedural History**

On March 5, 2025, this case was reassigned to the undersigned. Dkt. No. 9. On March 14, 2025, the Court screened the complaint and found that the allegation that on November 24, 2022, defendant Siordia stole Plaintiff's tennis shoes during a cell search in retaliation for Plaintiff threatening to file grievances regarding defendant Siordia, stated a cognizable First Amendment retaliation claim. The Court dismissed the complaint's retaliation claims against CTF correctional officials Nunez and Martinez; and dismissed the Eighth Amendment claim for deliberate indifference to inmate safety. The Court ordered service on defendant Siordia. The Court also granted Plaintiff leave to file an amended complaint to address the deficiencies in the Eighth Amendment inmate safety claim and the claims against Nunez and Martinez, and ordered that any such amended complaint be filed by April 11, 2025. *See generally* Dkt. No. 10. Plaintiff did not

United States District Court
Northern District of California

1  file an amended complaint by the deadline.

2      Defendant Siordia appeared in this action on May 9, 2025, and waived service of

3  summons.  Dkt. No. 13.  On June 3, 2025, pursuant to Defendant's request, the Court referred this

4  case to settlement proceedings.  Dkt. No. 15.  That same day, the Court docketed an amended

5  complaint from Plaintiff.  Dkt. No. 16.  This amended complaint does not re-plead the First

6  Amendment retaliation claim against defendant Siordia that the Court has previously found

7  cognizable.  This amended complaint also does not re-plead the claims against officers Nunez and

8  Martinez or the Eighth Amendment deliberate indifference to inmate safety claim.  *See generally*

9  Dkt. No. 16.

10     On June 4, 2025, Magistrate Judge Robert Illman set a settlement conference for August 6,

11 2025.  Dkt. No. 17.

12 **II.    Dismissing Amended Complaint with Leave to Amend**

13     Plaintiff has filed an amended complaint.  Dkt. No. 16.  Fed. R. Civ. P. 15(a) provides that

14 a party may amend its pleading once as a matter of course within (1) 21 days after serving it, or (2)

15 if the pleading is one to which a responsive pleading is required, 21 days after service of a

16 responsive pleading or 21 days after service of a motion to dismiss under Rule 12(b), (c), or (f),

17 whichever is earlier.  Fed. R. Civ. P. 15(a).  Defendant has not yet filed a responsive pleading, so

18 the amended complaint docketed at Dkt. No. 16 qualifies as Plaintiff's one matter of course

19 amendment allowed under Fed. R. Civ. P 15(a)(1).

20     **A.    Standard of Review**

21     A federal court must conduct a preliminary screening in any case in which a prisoner seeks

22 redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

23 § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

24 that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

25 monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

26 (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

27 989, 993 (9th Cir. 2020).

28     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Amended Complaint

The amended complaint names as defendants former CTF warden Koenig and CTF correctional officer Siordia. The amended complaint alleges that, on October 24, 2022, defendant Siordia conducted a search of Plaintiff's cell and discovered containers of inmate-manufactured alcohol (pruno) and inmate-manufactured "white lightening," and an altered Hiteker tablet. Pursuant to this cell search, Plaintiff was issued two rules violations, one for possession of alcohol and one for possession of a wireless device component. The amended complaint alleges that defendant Siordia violated Plaintiff's due process rights because (1) CDCR regulations provide that only line supervisors may determine whether suspect liquids are pruno and "white lightening" and defendant Siordia is not a line supervisor; and (2) the pruno and "white lightening" were not properly logged as required by Cal. Dep't. Corr. & Rehab. Dep't Op. Manual § 52010.9. The amended complaint further alleges that defendant Siordia violated the Cal. Bane Act (Cal. Civ. Code § 52.1) by harassing Plaintiff and demonstrating racist behavior towards Plaintiff because Plaintiff stated that he would exercise his First Amendment rights and file a grievance regarding defendant Siordia harassing Plaintiff because Plaintiff is black and for misappropriating Plaintiff's new shoes. Finally, the amended complaint alleges that defendant Koenig is "negligently responsible" for Plaintiff's injuries. *See generally* Dkt. No. 16.

United States District Court
Northern District of California

United States District Court
Northern District of California

**C.    Dismissal with Leave to Amend**

The amended complaint fails to state a cognizable claim for relief.

First, the amended complaint does not state a due process claim against defendant Siordia. The Due Process Clause requires the following procedural protections with respect to the issuance of rules violations:  written notice of the charges, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, aid to the accused where the inmate is illiterate or the issues are complex, *see Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974); "some evidence" to support the disciplinary finding, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985); and some indicia of reliability of the information that forms the basis for the disciplinary actions, *see Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).  The Due Process Clause does not require that prisons comply with their own, more generous procedures.  *See Walker v. Sumne*r, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472.  A prisoner's right to due process is violated "only if he [is] not provided with process sufficient to meet the *Wolff* standard." *Id*. at 1420.  The failure to comply with CDCR regulations requiring that a line supervisor determine whether the liquid discovered was inmate-manufactured alcohol and to log the discovery of alcohol fails to state a due process violation as a matter of law because the Due Process Clause does not require that correctional officials comply with these prison regulations.  The amended complaint's due process claim is DISMISSED with prejudice because amendment would be futile.  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

Second, the amended complaint does not state a Bane Act claim against defendant Siordia. Cal. Civ. Code § 52.1, known as the Bane Act, "protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.'" *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018). The elements of a Bane Act claim are: (1) the defendant interfered with or attempted to interfere with the plaintiff's constitutional or statutory right by threatening or committing violent acts; (2) the plaintiff reasonably believed that if he exercised his constitutional right the defendant

would commit violence against him; (3) the defendant injured the plaintiff to prevent him from exercising his constitutional right; (4) the plaintiff was harmed; and (5) the defendant's actions were a substantial factor in causing the plaintiff's harm.  *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 882 (2007) (citing California's model Bane Act instruction, CACI Instruction No. 3066).  The amended complaint's allegation that defendant Siordia harassed Plaintiff and demonstrated racist behavior towards Plaintiff fails to state a Bane Act claim because the Court cannot reasonably infer from this conclusory and vague allegation that defendant Siordia threatened to commit violence against Plaintiff and because the amended complaint fails to allege any harm caused by the alleged harassment and racist behavior.

Third, the amended complaint does not state a Section 1983 claim against former warden CTF Koenig.  The amended complaint does not allege a causal link between defendant Koenig and defendant Siordia's alleged actions and failures to act.  Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  There is no Section 1983 liability simply because an individual supervised the alleged wrongdoer.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right).  The amended complaint alleges that defendant Koenig acted negligently, but negligence is not actionable under Section 1983 in the prison context.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994).

The amended complaint does not re-allege the First Amendment retaliation claim alleged, and found cognizable, in the initial complaint.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).  The amended complaint replaced the initial complaint.  The amended complaint references the "misappropriation" of Plaintiff's shoes and states conclusorily that defendant Siordia retaliated against Plaintiff, but does not link the loss of Plaintiff's shoes to specific protected conduct, as is required to state a First Amendment retaliation claim.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails

five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted).  Because the amended complaint failed to replead the retaliation claim against defendant Siordia that the Court previously found cognizable, that claim is currently waived.  Currently there is no operative complaint in this action, and no cognizable claims.

The Court DISMISSES the amended complaint for failure to state a claim.  The Court GRANTS Plaintiff leave to file a second amended complaint, as Plaintiff has previously stated a cognizable claim.  In the second amended complaint, Plaintiff may not re-allege any claims that the Court has already dismissed with prejudice.  As an alternative to filing a second amended complaint, Plaintiff may elect to proceed with his initial complaint (Dkt. No. 1), and the First Amendment retaliation claim against defendant Siordia that the Court has previously found cognizable.  By July 11, 2025, Plaintiff shall either (1) file a second amended complaint or (2) inform the Court that he wishes to proceed with the initial complaint and the First Amendment retaliation claim against defendant Siordia that the Court has previously found cognizable. Plaintiff is cautioned that the lack of an operative complaint at this time will likely require the postponement of settlement talks.

## CONCLUSION

For the reasons set forth below, the Court ORDERS as follows.

1.       The Court DISMISSES the amended complaint (Dkt. No. 16) for failure to state a claim.  The Court DISMISSES the due process claim with prejudice.  The Court GRANTS Plaintiff leave to file an amended complaint.

//

//

//

//

//

2.      By July 11, 2025, Plaintiff shall either (1) file a second amended complaint or (2) inform the Court that he wishes to proceed with the initial complaint and the First Amendment retaliation claim against defendant Siordia that the Court has previously found cognizable.  Failure to file a second amended complaint or otherwise respond to the Court by this deadline will result in dismissal of this action for failure to state a claim without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated:   6/12/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge