UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LEE CROSBY,

Plaintiff,

v.

SALVADOR SIORDIA, et al.,

Defendants.

Case No. 24-cv-07714-HSG

**ORDER DENYING MOTION FOR ABEYANCE**

Re: Dkt. No. 33

Plaintiff, an inmate at California State Prison – Solano, has filed this *pro se* action pursuant to 42 U.S.C. § 1983. This order addresses Plaintiff's motion for abeyance. Dkt. No. 33. Plaintiff has requested an "order of abeyance on J. Nunez and P. Martinez," stating that he is in the process of gathering evidence regarding these individuals. *See* generally Dkt. No. 33. Plaintiff appears to be asking for an extension of the long-past April 11, 2025 deadline to file an amended complaint to state cognizable claims against J. Nunez and P. Martinez, stating that he needs additional time for discovery to support his claims. *Id.* The Court DENIES this request for the following reasons.

Plaintiff filed this action on or about October 16, 2024. Dkt. No. 1. In his complaint, Plaintiff alleged that Correctional Training Facility officers Siordia, Martinez, and Nunez retaliated against him in violation of the First and Eighth Amendments by searching his cell on October 24, 2022 and November 24, 2022; issuing RVRs for possession of alcohol and a wireless device and for refusing a cell move; harassing him starting on November 20, 2022; stealing Plaintiff's tennis shoes during the November 24, 2022 cell search; and attempting to make him move cells on November 30, 2022. On March 14, 2025, the Court found that the complaint stated a cognizable First Amendment retaliation claim against officer Siordia. However, the Court found that the complaint did not state a cognizable First Amendment retaliation claim against either

officers Martinez or Nunez because officer Nunez's alleged retaliatory action took place after the alleged protected conduct and because the only links between Plaintiff's alleged protected conduct and officer Martinez's alleged retaliatory action were conclusory allegations and there were no facts alleged from which it could be reasonably inferred that officer Martinez was aware of Plaintiff's alleged protected conduct. The Court also found that the complaint did not state a cognizable Eighth Amendment claim because Plaintiff had not alleged any risk to his safety. The Court dismissed the claims against Nunez and Martinez, and the Eighth Amendment claim, but granted Plaintiff leave to file an amended complaint to address the deficiencies in these claims. The Court ordered Plaintiff to file an amended complaint by April 11, 2025, and instructed Plaintiff that the failure to file an amended complaint by this deadline would result in the action proceeding solely on the First Amendment retaliation claim against defendant Siordia. Dkt. No. 10.

On June 2, 2025, Plaintiff filed an amended complaint. The amended complaint sued former CTF warden Koenig and Siordia, and alleged that defendant Siordia violated Plaintiff's due process rights when he issued Plaintiff an RVR for possession of alcohol, defendant Siordia violated the Bane Act by harassing Plaintiff and demonstrating racist behavior towards Plaintiff, and that former CTF warden Koenig was negligently responsible. Dkt. No. 16. On June 12, 2025, the Court screened the amended complaint and found that it failed to state either a due process claim or a Bane claim or a section 1983 claim against Koenig; and dismissed the amended complaint with prejudice for failure to state a claim. Dkt. No. 18. The Court ordered Plaintiff to either file a second amended complaint or inform the Court whether he wished to proceed with the initial complaint and the First Amendment retaliation claim against defendant Siordia that the Court previously found cognizable. Dkt. No. 18. Plaintiff elected to proceed on the initial complaint. Dkt. No. 19. On September 11, 2025, the parties engaged in an unsuccessful settlement conference. Dkt. No. 24. On February 11, 2025, Defendants filed a summary judgment motion. Dkt. No. 29. On April 15, 2026, Plaintiff filed an opposition to the summary judgment motion. Dkt. No. 31.

Plaintiff's request for an extension of time to bring claims against officers Nunez and

2

United States District Court
Northern District of California

Martinez comes over a year after he was informed of the deficiencies in his claims against these officers, and after the parties have engaged in settlement negotiations and defendant Siordia has filed a summary judgment motion.  In addition, it is unclear what evidence Plaintiff is seeking and how this evidence would assist in stating cognizable claims.  The Court DENIES Plaintiff's request for an extension of time to file a second amended complaint to add claims against officers Nunez and Martinez.  Dkt. No. 33.  However, pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff may file a request for leave to file a second amended complaint any time before trial.  Fed. R. Civ. P. 15(a)(2).  Plaintiff is reminded that any such request must be accompanied by the proposed second amended complaint and may not incorporate any part of the prior complaints by reference.  N.D. Cal. L.R. 10-1.

This order terminates Dkt. No. 33.

**IT IS SO ORDERED.**

Dated:   6/2/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3