United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LEE CROSBY,

Plaintiff,

v.

SALVADOR SIORDIA,

Defendant.

Case No. 24-cv-07714-HSG

**ORDER DENYING LEAVE TO FILE SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 29, 35

Plaintiff, an inmate at California State Prison – Corcoran, filed this *pro se* action against Correctional Training Facility ("CTF") officer Siordia pursuant to 42 U.S.C. § 1983. Pending before the Court are (1) Plaintiff's request for leave to file a second amended complaint, Dkt. No. 35; and (2) defendant Siordia's motion for summary judgment, Dkt. No. 29. For the reasons set forth below, the Court DENIES Plaintiff's request for leave to file a second amended complaint, Dkt. No. 35; and GRANTS defendant Siordia's summary judgment motion, Dkt. No. 29.

**PROCEDURAL BACKGROUND**

In the initial complaint, Plaintiff alleged that CTF officers Siordia, Martinez, and Nunez retaliated against him in violation of the First Amendment and failed to protect him in violation of the Eighth Amendment. The initial complaint made the following factual allegations. On October 24, 2022, defendant Siordia and officer Nunez searched Plaintiff's cell. During the search, defendant Siordia picked up Plaintiff's television to look for Plaintiff's name. Defendant Siordia then dropped the television, damaging it. Defendant Siordia and officer Nunez confiscated Plaintiff's fan, Boostaro, Hamilton Beach grill, typewriter, Hitecker tablet, and SD cord. When Plaintiff asked defendant Siordia about the damage to the television, the confiscation of property, and how property was tossed all over the cell, defendant Siordia responded, "You messed with the

bull, you get the horns." Officer Nunez falsely claimed that alcohol was discovered in Plaintiff's cell during the search. Officer Nunez issued a rules violations report ("RVR") for possession of alcohol pursuant to this false accusation, and also a rules violation report for possession of a wireless device. Plaintiff was found guilty of these RVRs and assessed forfeiture of 150 days of credit. On November 17, 2022, when Plaintiff informed defendant Siordia that he would file a grievance against defendant Siordia if defendant Siordia did not stop his racist treatment of the G-Wing Black inmates, defendant Siordia responded, "Oh you like writing up officers. I'll show you how we do it." On November 24, 2022, defendant Siordia searched Plaintiff's cell. Defendant Siordia did not allow Plaintiff to witness the search. After the search, Plaintiff discovered that his tennis shoes were missing. However, Plaintiff was not given an inventory slip documenting the confiscation of tennis shoes. On November 30, 2022, as part of Defendant's efforts to move Black inmates out of G-Wing to accommodate a Security Threat Group, officer Martinez asked Plaintiff if he wanted to move cells. When Plaintiff stated that he did not want to move, defendant Siordia came and ordered Plaintiff to move cells. When Plaintiff refused to move cells, officer Martinez issued Plaintiff an RVR for refusing a cell move and disobeying a peace officer. Plaintiff was found guilty of this RVR and assessed forfeiture of 61 days of credit. Defendant Siordia engineered all three RVRs to punish Plaintiff for threatening to file grievances. Because of these three RVRs, prison officials deemed Plaintiff a program failure and Plaintiff was forced to postpone his board hearing by three years. *See generally* Dkt. No. 1.

On October 14, 2025, the Court screened the initial complaint and found that the complaint stated a cognizable First Amendment retaliation claim against defendant Siordia when it alleged that on November 24, 2022, defendant Siordia stole Plaintiff's tennis shoes in retaliation for Plaintiff's November 17, 2022 statement that Plaintiff would file a grievance regarding defendant Siordia's racist treatment of Black inmates in G-Wing. The Court dismissed the claims against CTF officers Martinez and Nunez, finding that their actions were not "because of" Plaintiff's protected conduct for the following reasons. Defendant Nunez's involvement in the October 24, 2022 cell search predated the November 17, 2022 protected conduct. The only links between Plaintiff's November 17, 2022 protected conduct and officer Martinez's November 30, 2022

actions were Plaintiff's conclusory allegation that defendant Siordia "used" officer Martinez to fulfill his objective of ridding himself of inmates who file grievances and the factual allegation that defendant Siordia was summoned by officer Martinez after Plaintiff's initial refusal to move cells. These links were insufficient to allege a causal connection between the protected conduct and officer Martinez's actions, especially in light of the complaint's allegation that defendant Martinez was not bright enough to realize that defendant Siordia was manipulating him. The Court dismissed the Eighth Amendment claim as there was no allegation that Plaintiff's safety was at risk. The Court ordered service on defendant Siordia, granted Plaintiff leave to amend his Eighth Amendment claim and his claims against officers Martinez and Nunez, and ordered Plaintiff to file an amended complaint by April 11, 2025 if he wished to pursue these claims. *See generally* Dkt. No. 10.

On June 3, 2025, pursuant to defendant Siordia's request, the Court referred this case to settlement proceedings. Dkt. No. 15. That same day, the Court docketed an amended complaint from Plaintiff. Dkt. No. 16.

On June 12, 2025, the Court screened the amended complaint and found that it failed to state a cognizable claim for relief. The amended complaint did not re-plead the First Amendment retaliation claim against defendant Siordia that the Court had previously found cognizable. Instead, the amended complaint named as defendants former CTF warden Koenig and CTF officer Siordia and alleged that (1) defendant Siordia violated Plaintiff's due process rights when Plaintiff was issued an RVR for possession of alcohol in connection with the October 24, 2022 search because the circumstances underlying the RVR did not comply with prison regulations; (2) defendant Siordia violated the California Bane Act by harassing Plaintiff, demonstrating racist behavior towards Plaintiff, and taking Plaintiff's tennis shoes in retaliation for Plaintiff saying that he would exercise his First Amendment rights by filing a grievance; and (3) former CTF warden Koenig was "negligently responsible" for Plaintiff's injuries. The Court dismissed the due process claim with prejudice because the Due Process Clause does not require correctional officials to comply with prison regulations; dismissed the Bane Act claim because the amended complaint did not allege that Plaintiff was harmed by defendant Siordia's alleged harassment and racist behavior

and did not make allegations from which it could be reasonably concluded that defendant Siordia threatened to commit violence against Plaintiff; and dismissed the claim against former CTF warden Koenig because the amended complaint did not allege a causal link between Koenig and defendant Siordia's actions or failures to act and because negligence is not actionable under Section 1983. The Court instructed Plaintiff that he could either (1) file a second amended complaint, or (2) elect to proceed with his initial complaint and the First Amendment retaliation claim against defendant Siordia that the Court had previously found cognizable. *See generally* Dkt. No. 18. Plaintiff elected to proceed on the initial complaint. Dkt. No. 19.

On September 11, 2025, the parties engaged in unsuccessful settlement negotiations. Dkt. No. 24.

On February 11, 2026, defendant Siordia filed the now-pending summary judgment motion. Dkt. No. 29. On April 15, 2026, Plaintiff filed an opposition. Dkt. No. 31.

On May 13, 2026, Plaintiff filed a pleading requesting "order of abeyance on J. Nunez and P. Martinez," stating that he was in the process of gathering evidence regarding these individuals. *See generally* Dkt. No. 33. The Court construed this pleading as a request for an extension of the April 11, 2025 deadline to file an amended complaint to state cognizable claims against officers Nunez and Martinez. Dkt. No. 34. The Court denied the request because (1) it was filed over a year after the Court informed Plaintiff of the deficiencies in his claims against these officers, and after the parties had engaged in settlement negotiations and defendant Siordia had filed a summary judgment motion, and (2) it is unclear what evidence Plaintiff was seeking and how the evidence would assist in stating cognizable claims. Dkt. No. 34.

On July 14, 2026, Plaintiff filed a motion requesting leave to file a second amended complaint. Dkt. No. 35.

## DISCUSSION

### I. Request for Leave to File Second Amended Complaint (Dkt. No. 35)

Plaintiff has requested leave to file a second amended complaint. Dkt. No. 35. Plaintiff has filed a proposed second amended complaint. *See id.* However, Plaintiff has not explained to the Court how the proposed amended complaint differs from the operative complaint or the first

amended complaint, or why he has filed a proposed second amended complaint so late in this litigation. Defendant has not responded to this request.

Fed. R. Civ. P. 15(a) provides that, after an answer has been served, a party may amend its pleading only with the opposing party's written consent or with leave of court, and that the court should freely give leave when justice so requires in the absence of factors such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Fed. R. Civ. P. 15(a); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012).

The Court DENIES Plaintiff's request for the following reasons.

First, Plaintiff has unduly delayed in filing this proposed second amended complaint. This case has been pending for almost three years. Plaintiff's request for leave to file an amended complaint was filed over a year after the April 11, 2025 deadline to file an amended complaint to state cognizable claims against J. Nunez and P. Martinez, and five months after Defendant filed his summary judgment motion. The proposed second amended complaint repeats facts that were previously known to Plaintiff and does not appear to rely on any newly discovered information.

Second, amendment would be futile. The Court has reviewed the proposed second amended complaint and, outside of the retaliation claim already found cognizable, the proposed amended complaint fails to state a claim. In large part, the proposed second amended complaint repeats claims that the Court previously dismissed, such as claims about officers Nunez and Martinez being part of a conspiracy headed by defendant Siordia to retaliate against Plaintiff for filing grievances and to punish black inmates who write grievances, and the claim that the RVR was issued in violation of prison regulations. The proposed second amended complaint names five new defendants – J. Ortega, J. Antonio, F. Delatorre, R. Diaz, and John Doe Appeal Coordinator – and alleges that these individuals prosecuted a fraudulent RVR. However, this allegation fails to state a claim as a matter of law because, generally speaking, a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Garrott v. Glebe*, 600 F. App'x 540,

United States District Court
Northern District of California

542 (9th Cir. 2015);[1] *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under Section 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

The Court therefore DENIES Plaintiff's request for leave to file the proposed second amended complaint docketed at Dkt. No. 35 because Plaintiff has unduly delayed in filing a proposed second amended complaint and because amendment would be futile. Dkt. No. 35.

## II. Factual Background

### A. Operative Complaint (Dkt. No. 1)

The operative complaint makes the following relevant allegations.

On November 17, 2022, Plaintiff spoke to defendant Siordia about his racism and his treatment of the Black inmates in G-Wing. Plaintiff informed defendant Siordia that if he didn't stop, Plaintiff would file a grievance against him. Defendant Siordia responded, "Oh, you like writing up officers. I'll show you how we do it." In retaliation for this statement, defendant Siordia searched Plaintiff's cell on November 24, 2022, despite the cell having been recently searched on October 24, 2022. Defendant Siordia did not allow Plaintiff to witness the search. Afterwards, Plaintiff discovered that his tennis shoes were missing and that there was no inventory slip documenting the loss. Plaintiff submitted a request for interview form, asking defendant Siordia to confirm that he had searched Plaintiff's cell, asking where his shoes were, and asking if defendant Siordia was aware that he had damaged Plaintiff's television. Defendant Siordia did not respond. *See generally* Dkt. No. 1.

### B. Date that Plaintiff's Shoes Disappeared

It is unclear from the record whether Plaintiff is alleging that his shoes disappeared after the October 24, 2022 cell search or after the November 24, 2022 cell search. When referring to the cell search during which the shoes were allegedly confiscated, the operative complaint and Plaintiff's opposition identify both October 24, 2022 and November 24, 2022 as the date that the

---

[1] As an unpublished Ninth Circuit decision, *Garrott* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; 9th Cir. Rule 36-3.

cell search took place.

*Operative complaint (Dkt. No. 1)*. In the operative complaint, Plaintiff alleges that the shoes disappeared after the November 24, 2022 cell search but cites to the April 24, 2023 OOA decision on Grievance No. 333652, which provides an October 24, 2022 date for the cell search during which the shoes disappeared. Dkt. No. 1 at 9; Dkt. No. 29-1 at 4-5.

*Plaintiff's opposition to Defendants' Summary Judgment Motion (Dkt. No. 31)*. In his opposition to the summary judgment motion, Plaintiff mixes up the October 24, 2022 and November 24, 2022 dates: "The date of first incident of 602 was on **11/24/2022** and the events that followed. By the taking of my personal property: 1-Fan, 1-Boostaroo, 1-Hamilton Beach Grill, 1-Swintec Typewriter #2640, 1-Hiteker Tablet, and 1-S.D. Card, and shortly after that, they came into my cell again and did take my tennis shoes. See cell search receipt for property taken, Dated **10/24/2022**." Dkt. No. 31 at 10-11 (emphasis added). The opposition also refers to Grievance No. 351518. However, as discussed below, Grievance No. 351518 has not been filed with the Court and it is unclear what it grieved. Dkt. No. 1 at 17.

The Court presumes that the shoes disappeared after the November 24, 2022 cell search, as that is the only date that would state a cognizable retaliation claim. The protected conduct took place on November 17, 2022. The disappearance of shoes prior to the protected conduct would fail to state a First Amendment retaliation claim as a matter of law because any disappearance on October 24 necessarily could not have been "because of" the later protected conduct.

**C. CDCR Grievance Process**

During the relevant time period, the California Department of Corrections and Rehabilitation ("CDCR") provided inmates the following administrative remedy process. An inmate could dispute an adverse policy, decision, action, condition, or omission by the CDCR or CDCR staff by submitting a written grievance. 15 Cal. Code Regs. §§ 3481(e); 3482(b)(1). To initiate the administrative remedy process for a non-healthcare related issue, an inmate submits his grievance for a first level review to the Office of Grievances ("OOG") at his prison. 15 Cal. Code Regs. § 3482(a)(1). Inmates must submit a grievance within sixty calendar days of discovering the claim. 15 Cal. Code Regs. § 3482(b)(1). In the grievance, the inmate is required to "describe

United States District Court
Northern District of California

all information known and available to the [inmate] regarding the claim, including key dates and times, names and titles of all involved staff (or a description of those staff), and names and titles of all witnesses, to the best of the [inmate's] knowledge." 15 Cal. Code Regs. § 3482(c)(1). In response, the inmate shall receive a written decision from the OOG no later than sixty calendar days after receipt, clearly explaining the reasoning for the decision as to each claim. *Id.* at §§ 3481(a); 3483(g). If the inmate is dissatisfied with the OOG decision, he may appeal the decision by filing a written appeal, CDCR Form 602-2, with the Office of Appeals ("OOA") within sixty days of discovering the OOG decision. *Id.* at § 3484. An inmate's administrative remedies are exhausted when the inmate receives either: (1) a final decision by the OOA, or (2) a decision stating "identified as staff misconduct and referred for investigation" or "time expired." *Id.* at § 3843(l).

**D. Plaintiff's Relevant Grievances**

In his pleadings, Plaintiff references six grievances: Log No. 20029684 and Grievance Nos. 252138, 333652, 341149, 351518, and 340967.[2] Of these six grievances, only Grievance No. 333652 and Grievance No. 341149 have been filed in their entirety with the Court. Dkt. No. 29-1 at 4-39. Of the remaining grievances – Log No. 20029684 and Grievance Nos. 252138, 351518, and 340967 – Plaintiff has only filed one or two of the decisions rendered on these grievances and has not filed the individual grievances. Because the record is incomplete with respect to Log No. 20029684 and Grievance Nos. 252138, 351518, and 340967, the Court is unclear as to the subject

---

[2] *Operative Complaint*. In the body of the operative complaint, Plaintiff references four grievances: Log No. 20029684, Dkt. No. 1 at 7, and "Appeal No. 333652 11/28/22, 341149 12/15/22, 351518 1/23/23," Dkt. No. 1 at 10. Attached as exhibits to the operative complaint are the following portions of the following grievances:

Grievance No. 340967 – December 17, 2022 OOG decision, Dkt. No. 1 at 13;
Log No. 20029684 – January 26, 2023 Memorandum to Plaintiff, Dkt. No. 1 at 14;
Grievance No. 333652 – April 24, 2023 OOA decision, Dkt. No. 1 at 16;
Grievance No. 351518 – January 25, 2023 OOG decision, Dkt. No. 1 at 17; and
Grievance No. 341149 – April 29, 2023 OOA decision, Dkt. No. 1 at 18.

*Proposed Amended Complaint*. In the proposed amended complaint, Plaintiff references Grievance Nos. 252138 and 333652. Plaintiff lists Grievance No. 252138 under the heading "Exhaustion of Administrative Remedies," and describes it as concerning "violation of his due process rights and property rights pursuant to the California Constitution Article I, § 7(a) and the U.S. Constitution, Fifth and Fourteenth Amendments." Dkt. No. 16 at 5. However, Plaintiff specifies that Grievance No. 333652 is the grievance regarding his missing shoes. *Id.*

matter of these grievances. Below, the Court reviews what is known from the record about each grievance.

**1. Grievance No. 333652**

Grievance No. 333652, dated November 24, 2022, alleged that, after defendant Siordia's "10/24/22" search, Plaintiff discovered that his new shoes had been taken and were not listed on the cell search receipt, and that the disk player on his television was damaged. Grievance No. 333652 requested that Plaintiff's television be fixed and that Plaintiff's shoes be returned or replaced with shoes of equal or greater value. Dkt. No. 29-1 at 4-5. CTF OOG issued a January 21, 2023 denial, stating that no shoes were taken and that officers Siordia and Nunez had stated that both the disk player and television were in working condition during the search. Dkt. No. 29-1 at 6-7. Plaintiff appealed the denial on February 11, 2023, stating that when he asked defendant Siordia about his missing shoes, defendant Siordia stated, "You mess with the bull you get the horns," and that he personally witnessed defendant Siordia dropping his television. Dkt. No. 29-1 at 10, 12. The OOA issued an April 24, 2023 decision denying the claim on the same grounds as the OOG decision. Dkt. No. 29-1 at 20-21. The OOA decision stated that its decision exhausted Plaintiff's administrative remedies within the CDCR. Dkt. No. 29-1 at 20.

**2. Grievance No. 341149**

Grievance No. 341149, dated December 16, 2022 and stamped received December 15, 2022, alleged that after Plaintiff told defendant Siordia on November 17, 2022, that he would file a grievance if defendant Siordia continued to treat the Black inmate population in a racist manner, defendant Siordia began harassing Plaintiff by recruiting officers Nunez and Martinez to rid themselves of inmates who file grievances, with officer Nunez acting on October 24, 2022, and officer Martinez acting on November 30, 2022:

> November 17th, 2022, I spoke to C/O S. Siordia about his racism and his treatment of the black inmate population. I informed him that if it don't stop[,] I will write him up. From that point, the harassment started. C/O S. Siordia recruited fellow gang members P. Martinez and J. Nunez to help accomplish the mission of alleviating themsel[ves] of those who write 602. He used C/O Nunez on Oct 24th, 2022 and C/O Martinez on Nov 30th, 2022. Both times C/O S. Siordia was present and clearly pulling the strings to hide his involvement. "All part[ie]s have been put on notice.

Dkt. No. 29-1 at 23-24. CTF OOG issued a February 7, 2023 decision identifying the grievance as

United States District Court
Northern District of California

having two claims. The first claim was identified as alleging that staff target inmates who submit grievances. This claim was dismissed as duplicative of Grievance No. 340697. The second claim was identified as "concerning Offender Discipline; Serious Rules Violation Report." This claim was rejected because it concerned an anticipated decision that was either not yet final or had not yet taken place. Dkt. No. 29-1 at 25-26. Plaintiff appealed, alleging that CTF had failed to stop the systemic racism being committed at CTF Central, in particular defendant Siordia's treatment of Black inmates:

> CTF officials failure to put a stop to the systematic racism that is being committed at CTF Central. C/O S. Siordia has been documented on more than a few occasions with his fellow gang members and their motive of operation. (I. Perez Pentoja, J. Mendoza, B. Aguirre, M. Zavala, and D. Dunstan and I. Ibarra, who is now facing child molestation charges)[.]
> The CTF staff has a host of violations of inmates First Amendment Right by retaliating against them for filing inmate appeals, unjustified cell searches, destruction of property, repeated cell moves and obstructing access to the law library, and falsifying documents.
> See Oliver v. Perez Pantoua 2020 U.S. Dist. Lexis 250252 (N.D. Cal. June 8, 2020)
> (Michael McCurty v. S. Siordia 2020 U.S. Dist; Lexis 75434; 2020 WL 2065609)
> (McCurty v. Aguirre 2020 WL 247944 (N.D. Cal., Jan. 16, 2020).
> CTF officials is using C/O S. Siordia like a gunpoint at Black inmates in G Wing who write 602s (which is a protected conduct.) against staff.
> Placing them [in] violation of DOM 33030.3.1 33030.3.3
> Gov code § 19572 W. Discrimination
> Gov code § 19572 F. Dishonesty.

Dkt. No. 29-1 at 31. The OOA issued an April 29, 2023 decision denying the staff harassment claim on the same grounds as the OOG decision and stating that its decision exhausted Plaintiff's administrative remedies within the CDCR. Dkt. No. 29-1 at 39.

**3. Grievance No. 340967**

The only portion of this grievance that is filed in the record is the OOG denial dated December 17, 2022. The denial states that Grievance No. 340697 was filed on December 14, 2022 and concerns "General Employee Performance." Dkt. No. 1 at 13. The denial does not identify the employee, or what was wrong with the employee's performance.

**4. Log No. 20029684**

The only portion of this grievance that is filed in the record is the January 26, 2023 Memorandum Response, which describes subject matter of Log No. 20029684 as follows:

> Claimant Crosby is alleging on 12/03 and 12/04 CO Pedro L. Martinez was in his office watching TV on the job. Placing him in 'derelict of his duty.' Crosby is alleging Martinez also is engaged in gang activity by helping CO Salvador, and Siordia target inmates who

write 602s.

Dkt. No. 1 at 14. The Memorandum Response concluded that "allegations of staff misconduct are Sustained." Dkt. No. 1 at 14; Dkt. No. 31 at 5.

**5. Grievance No. 351518**

The only portion of this grievance that is filed in the record is the OOG denial dated January 25, 2023. Dkt. No. 1 at 17. The denial identifies the claim as "an allegation of staff misconduct," but does not identify the staff member or the alleged misconduct. *Id.*

**6. Grievance No. 252138**

No portion of this grievance has been filed in the record. Plaintiff describes this grievance as grieving the violation of his due process and property rights under the state and federal Constitution. Dkt. No. 16 at 5.

**III. Defendant's Motion for Summary Judgment (Dkt. No. 29)**

Defendant argues that he is entitled to summary judgment because Plaintiff has not exhausted his administrative remedies for his retaliation claim arising out of the November 24, 2022 cell search. In the alternative, Defendant argues that he is entitled to summary judgment because Plaintiff cannot produce evidence of retaliation sufficient to meet his burden. *See generally* Dkt. No. 29.

Plaintiff has filed an opposition. Dkt. No. 31. It appears from Plaintiff's opposition that Plaintiff mistakenly believes that this action also concerns his claims that defendant Siordia harassed him by conducting cell searches and by directing others to conduct cell searches on October 24, 2022 and November 24, 2022; damaged his television during one of the cell searches; issued improper disciplinary violations based on items discovered during one of the cell searches; ordered a cell move on November 30, 2022; and improperly issued a disciplinary violation for refusing the cell move. *See generally* Dkt. No. 31. These claims were previously considered and dismissed by the Court for failure to state a claim in prior orders. *See generally* Dkt. Nos. 10, 17. The only claim in this action is the First Amendment retaliation claim that defendant Siordia retaliated against Plaintiff for his November 17, 2022 statement that he would file a grievance regarding defendant Siordia's racist treatment of Black inmates in G-Wing by stealing Plaintiff's

tennis shoes during a November 24, 2022 cell search. The Court does not consider Plaintiff's arguments regarding already dismissed claims.

**A. Summary Judgment Standard**

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a) (2014). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial [,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, 'designate 'specific facts showing that there is a genuine issue for trial.'" *See id.* at 324 (citing Fed. R. Civ. P. 56(e)). The nonmoving party must show more than "the mere existence of a scintilla of evidence." *In re Oracle Corp Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Liberty Lobby*, 477 U.S. at 252). "In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citing *Liberty Lobby*, 477 U.S. at 252). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp*, 477 U.S. at 323.

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence

United States District Court
Northern District of California

submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**B. Exhaustion Claim**

**1. Exhaustion Requirement and Legal Standard**

The Prison Litigation Reform Act ("PLRA") sets forth the following exhaustion requirement: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory, *Jones v. Bock*, 549 U.S. 199, 211 (2007), and requires "proper exhaustion" of available administrative remedies, *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91. Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones*, 549 U.S. at 217–18.

Where a prison's grievance procedures do not specify the level of factual specificity required in the grievance, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). The grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." *Id.* (citation and internal quotation marks omitted). The grievance need not include legal terminology or legal theories unless they are needed to provide notice of the harm being grieved. *Id.* The grievance need not include every fact necessary to prove each element of an eventual legal claim. *Id.* The purpose of the grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. *Id.*

Failure to exhaust under the PLRA is an affirmative defense that the defendant must plead

and prove. *Jones*, 549 U.S. at 204, 216. The defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that remedy. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). Once the defendant has carried that burden, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Albino*, 747 F.3d at 1172. But as required by *Jones*, the ultimate burden of proof remains with the defendant. *Id.* If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id.* at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.*

**2. Analysis**

Defendant Siordia argues that Plaintiff did not exhaust his administrative remedies because (1) neither Grievance No. 333652 nor Grievance No. 341149 mentions the November 24, 2022 cell search; and (2) while Grievance No. 333652 alleges that Plaintiff's tennis shoes were confiscated, it alleges that the confiscation happened during the October 24, 2022 cell search. *See generally* Dkt. No. 29 at 10-11.

Plaintiff argues that he has exhausted his claims for the following reasons. First, he argues that Grievance Nos. 341149 and 340697 exhausted his claim because they provided the prison with notice of defendant Siordia's harassment, which is all that is needed to satisfy the PLRA's exhaustion requirement. Second, he argues that any "regulatory improprieties . . [were] waived by Prison Officials at the Administrative Level" when Grievance No. 341149 was denied on the merits. Third, he argues that the "C.D.C.R. obstructed [h]is efforts to file a procedurally proper Director's Level Appeal, thereby . . . rendering Administrative Remedies unavailable," though he does not identify the obstruction. Fourth, he argues that if "[o]n the tennis shoes search Defendant stated 'Nothing was taken" If nothing was taken, then how do we come to the point where the above items are not being talked about." *See generally* Dkt. No. 31.

Viewing the record in the light most favorable to Plaintiff, the Court finds that Plaintiff has not demonstrated a triable issue of fact as to whether he exhausted his administrative remedies for

the claim that defendant Siordia improperly confiscated or stole his tennis shoes during a November 24, 2022 cell search in retaliation for Plaintiff's protected conduct.

Defendant Siordia has carried his burden of demonstrating that there was an administrative remedy available to Plaintiff and that Plaintiff did not exhaust that available administrative remedy. From late 2022 to mid-2023, Plaintiff filed at least six grievances, indicating that administrative remedies were available to Plaintiff. Nothing in the record indicates that these six grievances referenced a November 24, 2022 cell search, or referenced the confiscation/theft of tennis shoes during a November 2022 cell search. These grievances therefore failed to satisfy the PLRA's requirement that the grievance alert the prison to the nature of the wrong. *See Griffin*, 557 F.3d at 1120.

Plaintiff argues that although Grievance Nos. 341149 and 340697 did not reference a November 2022 cell search, they exhausted his administrative remedies because they alerted prison officials to the core issue of defendant Siordia's harassment of inmates from October 24, 2022 to November 30, 2022, and the disappearance of the tennis shoes was part of that harassment. The Ninth Circuit has held that "a properly exhausted prison grievance asserting one continuing harm or a single course of conduct can exhaust events arising out of the same alleged violation that occur after the grievance was made." *Sheltra v. Christensen*, 124 F.4th 1195, 1203 (9th Cir. 2024) (internal citation and quotation marks omitted). But the Ninth Circuit has distinguished between continuing violations and new problems or conditions "that the Defendants were not given an opportunity to address." *Id*. at 1204 (distinguishing continuing violation cases from cases that "clearly involved inmates raising similar but different problems."). The claim that defendant Siordia stole Plaintiff's tennis shoes during a November 2022 cell search in retaliation for Plaintiff's protected conduct is distinct from a claim that defendant Siordia was generally harassing Plaintiff between October 24, 2022 and November 30, 2022.

Because the claim raised in this action is distinct from the claims raised in Grievance Nos. 341149 and 340697, Plaintiff's remaining arguments also fail.

Plaintiff argues that the prison waived any regulatory improprieties by deciding the grievances on the merits. In *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016), the Ninth Circuit held

that "[w]hen prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served: prison officials have had a fair opportunity to correct any claimed deprivation and an administrative record supporting the prison's decision has been developed." *Id.* at 658. In *Reyes*, prisoner-plaintiff Reyes sued various prison doctors, including Drs. Smith and Heatley, for denying him pain medication. Reyes had filed a grievance challenging the denial of his request for pain medication. The prison official defendants argued that the grievance did not exhaust Reyes' claims against Drs. Smith and Heatley because, despite a rule requiring inmates to list all staff members involved, and describe their involvement, in the issue, Reyes had not identified these physicians by name in the grievance. The Ninth Circuit found that the grievance adequately notified prison officials of Dr. Smith and Heatley's involvement in the denial of pain medication because the prison's responses to the grievance repeatedly referenced the Pain Management Committee's recommendation against prescribing pain medication to Reyes and Drs. Smith and Heatley were part of the Pain Management Committee:

> [P]rison officials in this case easily identified the Pain Management Committee's involvement in the issue, and explained repeatedly that they were denying Reyes' grievance precisely because the Committee had determined that narcotics were not medically necessary. On this record, the state defendants cannot argue that prison officials were unaware of the involvement of physicians other than Dr. Hashimoto in the events alleged.

*Reyes*, 810 F.3d at 659. In *Reyes*, the prisoner-plaintiff's failure to follow the procedural rule of identifying by name all the involved parties did not frustrate the PLRA's purpose of notifying the prison of the problem, allowing the prison a chance to correct the problem, and allowing for the development of an administrative record supporting the prison's decision.

*Reyes* is inapplicable here. Plaintiff describes his failure to grieve a November 24, 2022 cell search as a failure to follow a procedural rule or a regulatory impropriety. But the Court finds that characterization to be inaccurate: here, Plaintiff's failure to grieve a retaliatory November 24, 2022 cell search meant that prison officials were not notified of Plaintiff's concern, the prison did not have an opportunity to correct the problem, and no administrative record was developed.

Plaintiff also argues that the prison obstructed his efforts to file a procedurally proper final

appeal. However, it is irrelevant whether Plaintiff was able to file the appeals necessary to exhaust the grievances he filed, because none of the grievances concerned a November 24, 2022 cell search.

Finally, Plaintiff argues that Grievance No. 333652 falsely stated that no tennis shoes were taken. However, Grievance No. 333652 concerns an October 24, 2022 cell search, and not the November 24, 2022 cell search at issue here, and therefore it could not exhaust administrative remedies with respect to the sole remaining retaliation claim in this case. Whether the resolution of Grievance No. 333652 was correct has no bearing on whether Plaintiff exhausted his administrative remedies.[3]

Accordingly, the Court finds that Plaintiff failed to exhaust his administrative remedies for the claim in this action – that defendant Siordia took Plaintiff's shoes during a November 24, 2022 cell search in retaliation for Plaintiff's protected conduct on November 17, 2022. The Court therefore GRANTS Defendant's motion for summary judgment for failure to exhaust administrative remedies. Because the Court has found that Plaintiff failed to exhaust his administrative remedies, the Court declines to address the merits of Defendant's alternative basis for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's request for leave to file a second amended complaint, Dkt. No. 35, and GRANTS Defendant's motion for summary judgment. Dkt.

---

[3] It is possible that Plaintiff miswrote the date of the cell search in Grievance No. 333652. But there is nothing in the record suggesting that Plaintiff did so, and he has never alleged otherwise in the pleadings in this case or in his appeals of the grievance. More importantly, there is nothing in the record indicating that Plaintiff informed prison officials that Grievance No. 333652 incorrectly grieved an October 24, 2022 cell search when he meant to grieve a November 24, 2022 cell search. Without Plaintiff informing prison officials that he intended to grieve a November 24, 2022 cell search in Grievance No. 333652, prison officials could not have received notice of Plaintiff's concerns regarding the November 2022 cell search and taken appropriate responsive measures, which is the purpose of the exhaustion requirement. *Griffin*, 557 F.3d at 1120 (grievance alleging that prisoner had fallen from top bunk due to medical issues and requesting permanent ladder or step to access top bunk did not exhaust Eighth Amendment claim that prisoner required lower bunk due to medical issues and prison officials' denial of lower bunk request constituted deliberate indifference to medical needs because grievance did not provide prison officials with enough information to allow prison officials to take appropriate responsive measures).

United States District Court
Northern District of California

No. 29. Judgment is entered in favor of Defendant and against Plaintiff. The Clerk shall terminate all pending motions as moot and close the case.

This order terminates Dkt. Nos. 29, 35.

**IT IS SO ORDERED.**

Dated: September 22, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge